[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10721

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIO PINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20184-CMA-1

_____

Before JORDAN, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

Dario Pinson, represented by counsel, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act.[1]  On appeal, Pinson argues that the district court did not provide a sufficient basis for its denial of his motion, show that it properly weighed the 18 U.S.C. § 3553(a) factors, or properly evaluate his health conditions.  After thorough review, we affirm.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, [the appellant] must convince us that every stated ground for the judgment against him is incorrect."  *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quotations omitted).

District courts lack the inherent authority to modify a term of imprisonment, but may do so within § 3582(c)'s provisions.  18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021).  As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

To grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). District courts are not required to address these three conditions in a specific sequence, as the absence of even one forecloses a sentence reduction. *Id.* Thus, when a district court finds against the defendant on one factor and sufficiently explains its decision as to that factor, it need not address the remaining factors. *United States v. Giron*, 15 F.4th 1343, 1347, 1350 (11th Cir. 2021) (affirming the denial of compassionate release

when the district court only addressed extraordinary and compelling circumstances, and not the § 3553(a) factors).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are as follows: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a)(2)(A)-(D). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences between similarly-situated defendants, and the need to provide restitution to any victims. *Id.* § 3553(a)(1), (a)(3)-(7).

When considering the § 3553(a) factors, the district court is not required to discuss each of them, nor explicitly state that it considered each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Nonetheless, a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review" of its denial of compassionate release, and it "must indicate that [it] considered the [applicable] factors." *United States v. Cook*, 998 F.3d 1180, 1183–84 (11th Cir. 2021) (quotations omitted, alteration adopted). However, it "need not exhaustively analyze every factor in its order" but merely must provide sufficient analysis for meaningful appellate review. *Id.* at 1184.

Here, the district court did not abuse its discretion in denying Pinson's motion for compassionate release based on its § 3553(a) analysis. *Harris*, 989 F.3d at 911. As the record reflects, the district court's analysis was more than sufficient. The district court specified that it had "carefully reviewed" the parties' filings and the record and had considered Pinson's "violent offense conduct," his age and health, the seriousness of the offense, and whether compassionate release would undermine respect for the law, deter criminal conduct, and protect the public. *Kuhlman*, 711 F.3d at 1326. The court also addressed Pinson's behavioral record while incarcerated, both good and bad, listing his behavioral violations and acknowledging in a footnote his records reflecting that, in 2020, he began improving his education, completed several BOP programs, and worked in the kitchen. Then, the district court cited several § 3553(a) factors -- including Pinson's offense conduct and criminal and disciplinary history -- in determining that he could endanger the community. After considering the arguments and the § 3553(a) factors it deemed most relevant, including whether Pinson posed a danger to the community, the district court determined, within its discretion, that the negative factors outweighed the positive one. *Cook*, 998 F.3d at 1183–84.

In short, the district court addressed a range of § 3553(a) factors, and, overall, its analysis reflected that it considered the parties' arguments and addressed specific, relevant factors as they applied to his case. *Id.* at 1184. Because the district court did not abuse its discretion in weighing the § 3553(a) factors, and because that

determination is dispositive of any relief, we need not address Pinson's arguments concerning the district court's evaluation of his medical conditions.  Accordingly, we affirm.

**AFFIRMED.**